BLANK ROME, LLP
Attorneys for Plaintiff
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOC # 6

| | |
|---|---|
| PRIMERA MARITIME (HELLAS) LIMITED,<br><br>                      Plaintiff,<br>-against-<br><br>BRAVE BULK TRANSPORT LTD. and WELLINGTON SHIPPING LIMITED,<br><br>                      Defendants. | 09 Civ. 1997(RJS)<br><br>**DECLARATION IN SUPPORT OF REQUEST FOR A SEALING ORDER** |

1.    I am a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff in this matter. This Declaration is submitted in support of Plaintiff's ex parte motion to file the action under seal, pursuant to F. R. Civ. P. Rule 5.2(d). The Complaint was inadvertently filed on March 4, 2009 before this application for a sealing order was made. Therefore, it is respectfully requested that the Sealing Order direct that the Complaint be sealed, that the Civil Cover Sheet be replaced by a substitute redacted Civil Cover Sheet that does not identify the parties, and directs that the original Complaint and Civil Cover Sheet not be disclosed to the services that report new filings.

2.    This is an action to obtain a maritime attachment of the Defendant's assets, pursuant to Supplemental Rule B of the F. R. Civ. P. In particular, Plaintiff expects to attach

900200.00001/6719964v.1

electronic fund transfers to or from Defendants while such funds are in the custody of intermediary banks located in New York City.

3.  Applications for Rule B attachments are permitted to be made *ex parte* because it would be self-defeating to apprise a defendant of the pendency of an attachment action, and thereby enable the defendant to keep its assets outside of the jurisdiction for the purpose of avoiding the attachment. In the case of electronic fund transfers, a defendant who is aware of an attachment action can arrange to have funds transferred in the names of related companies in order to avoid the attachment. In this case in particular, Defendant Brave Bulk Transport Limited ("BBT") has already directed third parties to pay funds owing to BBT into an account of Defendant Wellington Shipping Limited.

4.  Recently, a widely read international shipping trade publication, Tradewinds, has been publishing articles about specific maritime attachment actions it considers to be of interest. Such filings are available to Tradewinds on the Court's on-line docket system, Pacer, as well as an internet site called Justicia, and from an e-mail service that reports all new filings in this Court. Additionally, New York maritime lawyers subscribe to those e-mail reports, and often apprise clients or former clients of newly filed attachment actions against them.

5.  Such publication of specific attachment actions by Tradewinds, Justicia, and the e-mail reporting services defeats the purpose of the *ex parte* nature of a maritime attachment action. Therefore, in order to avoid, or defer, giving Defendants notice of this action through such publication, thereby allowing Defendant to take steps to defeat Plaintiff's efforts to obtain an attachment, it is requested that the Complaint and all related documents in support of the application for an Order for the issuance of Process of Maritime Attachment and Garnishment be maintained under seal, and that redacted copies of the Verified Complaint and other documents

2

900200.00001/6719964v.1

deleting the parties' names and other identifying information be filed with the Clerk of the Court. It is requested that the sealed documents remain under seal until such time as Defendant's funds are restrained and Plaintiff provides Defendant notice of such restraint pursuant to the requirements of Supplemental Rule B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, N. Y. on March 4, 2009

JACK A. GREENBAUM (JG 0039)

900200.00001/6719964v.1