BLANK ROME, LLP
Attorneys for Plaintiff
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

JUDGE SULLIVAN

ORIGINAL

'09 CIV 1997

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRIMERA MARITIME (HELLAS) LIMITED,

                Plaintiff,

-against-

BRAVE BULK TRANSPORT LTD. and
WELLINGTON SHIPPING LIMITED,

                Defendants.

09 Civ.

**VERIFIED COMPLAINT**

---

Plaintiff PRIMERA MARITIME (HELLAS) LIMITED ("Plaintiff"), as and for its Verified Complaint against Defendants BRAVE BULK TRANSPORT LTD. ("BBT") and WELLINGTON SHIPPING LIMITED ("WELLINGTON), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract, and thus falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. The case also falls within the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331, because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

900200.00001/6718867v.1

2. At all times material hereto, Plaintiff is a foreign business entities duly organized and existing under the laws of a foreign county.

3. At all times relevant hereto, Defendant BBT was and is a foreign business entity with addresses at 331 Kifisias Avenue, Kifisia, Athens 145 61 Greece, and 302 Winsome House, 73 Wyndham Street, Hong Kong, and with no place of business in this Judicial District..

4. At all times relevant hereto, Defendant WELLINGTON was and is a foreign business entity at 331 Kifisias Avenue, Kifisia, Athens 145 61 Greece, and with no place of business in this Judicial District.

## AS A FIRST CLAIM, AGAINST BBT

5. On September 17, 2008, Plaintiff and BBT entered into a forward freight agreement in which they traded freight futures for each month of calendar year 2009 ("the FFA"). On a specified date each month ("the Settlement Date"), one party was to pay the other party the difference between the contract rate and a settlement rate determined by the Baltic Exchange Index rate for specified Contract Routes. The FFA incorporated the terms of the 1992 ISDA Master Agreement.

6. FFAs are contracts between ship owners or operators and charterers and/or traders, which are typically entered into for the purpose of hedging and managing market risks relating to the physical employment of vessels. FFAs are predicated on vessels of a particular type trading on particular routes.

7. On the January 2009 Settlement Date in the FFA, being February 5, 2009, BBT became obligated to pay Plaintiff the sum of US$664,838.20, which it has failed and refused to pay despite due demand.

8. BBT's refusal to pay the sum due to Plaintiff constitutes a repudiation of the FFA, and, on February 27, 2009, Plaintiff notified BBT it was treating such conduct as an Event of Default in respect of a Failure to Pay under Clause 5(a)(i) of the ISDA Master Agreement and designated March 2, 2009 as the Early Termination Date, so bringing the FFA to an end and entitling it to claim damages and interest.

9. For the February 2009 Settlement, BBT is obligated to pay Plaintiff the sum of US$494,727.10.

10. By reason of BBT's wrongful repudiation of the FFA, Plaintiff has sustained and will sustain damages on the 10 month balance of the FFA in the amount of US$4,932,118.

11. The total principal amount of Plaintiff's claim against BBT is US$6,071,683.30

12. The FFA provides for the application of English law and the adjudication of all disputes in the High Court of Justice in London, England, and Plaintiff specifically reserves its right to proceed in said jurisdiction on the substantive aspects of its claims.

13. Plaintiff has commenced or shortly will commence litigation in London.

14. The High Court of Justice routinely awards interest and legal costs to the successful party.

15. Plaintiffs estimate, as nearly as can presently be computed, that the recoverable interest will be at least US$1,096,503 at the rate of 6% for a period of at least three years, and the recoverable legal expenses of prosecuting its claims will be US$500,000.

16. The total amount for which Plaintiffs seek issuance of Process of Maritime Attachment and Garnishment is **US$7,688,186.**

## AS A SECOND CLAIM, AGAINST WELLINGTON

17. When Plaintiff contracted with the Defendant in September 2008, it was known to be part of the VAFIAS GROUP of Companies with an address at 331 Kifisias Avenue, Kifisia, Athens 145 61 Greece.

18. At the end of 2008, trade papers reported that BBT was to be acquired by "the Kumar Group."

19. On February 29, 2009, Plaintiff was contacted by someone who stated he was "employed by the Kumar Group to manage their shipping company, BBT," who claimed that BBT lacked the money to pay the sums due to Plaintiff.

20. At the same time, BBT has issued invoices to others, directing them to make US Dollar payments due to BBT into an account with a Greek bank in the name of WELLINGTON, which is operated out of the Greek address for the VAFIAS GROUP.

21. Upon information and belief, the purpose of diverting US Dollar transfers to WELLINGTON's account is to avoid maritime attachment of BBT's electronic fund transfers in fraud of legitimate creditors, such as Plaintiff.

22. Upon information and belief, such transfers to WELLINGTON of funds belonging to BBT are done without adequate consideration, in fraud of legitimate creditors such as Plaintiff.

23. Upon information and belief, BBT and WELLINGTON are commonly owned and operated by the beneficial owners of the VAFIAS GROUP, who dominate said companies as if they were a single business entity conducting the personal business of said beneficial owners, and commingling the funds and monetary obligations of BBT and Wellington, and therefore BBT and WELLINGTON are alter egoes of one another.

24. Upon information and belief, WELLINGTON is a paying agent for BBT, whose funds are moved in WELLINGTON's name.

25. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendants conduct business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendants up to the amount of **US7,688,186** to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That this Court issue an order permitting service of process by an individual other than a U. S. Marshal in view of the apparent shortage of personnel in the Marshal's office to make prompt service;

    D.    That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the London arbitration award.

    E.    That Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: New York, NY
March 4, 2009

Respectfully submitted
BLANK ROME, LLP
Attorneys for Plaintiff

By _____
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
4th day of March, 2009

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4703128
Certificate filed in Nassau Cty.
Commission Expires in New York County
Nov. 30, 2009

900200.00001/6718867v.1                    7

BLANK ROME LLP
Attorneys for Plaintiff
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIMERA MARITIME (HELLAS) LIMITED, <br><br> Plaintiff, <br><br> -against- <br><br> BRAVE BULK TRANSPORT LTD. and WELLINGTON SHIPPING LIMITED, <br><br> Defendants. | 09 Civ. <br><br> **AFFIDAVIT UNDER SUPPLEMENTAL RULE B AND IN SUPPORT OF REQUEST FOR APPOINTMENT <u>TO SERVE PROCESS</u>** |

STATE OF NEW YORK    )
                                            ) ss:
COUNTY OF NEW YORK )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, BRAVE BULK TRANSPORT LTD. and WELLINGTON SHIPPING LIMITED ("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

128539.00606/6716174v.1

2. Defendants are foreign corporations, with no offices or places of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

5. We have been advised that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically. I respectfully request that the Court appoint Michael Watson, or any other person appointed by Blank Rome LLP who is over 18 years of age and is not a party to this action, to serve Process of Maritime Attachment and Garnishment and supplemental process upon garnishees in this matter.

6. It is respectfully requested that the aforementioned person, Michael Watson, or any other person appointed by Blank Rome, LLP who is over 18 years of age and not a party to this action, be appointed to effect such service.

JACK A. GREENBAUM

Sworn to before me this
4th day of March, 2009

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30 4793126 ... al. in Nassau Cty.
Certificate f... in New York County
Commission Ex... Nov 30, 2009